# CASES

# APPELLATE COURTS OF ILLINOIS.

## FOURTH DISTRICT—FEBRUARY TERM, 1896.

### Illinois Central Railroad Company v. Benjamin Johnson.

1. PLEADING.—*Effect of the General Issue.*—When a defendant, instead of demurring. pleads the general issue to a declaration, he admits that its averments' constitute a·good cause of action, but denies their truth.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Perry County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at the February term, 1896. Affirmed. Opinion filed June 18, 1896.

WILLIAM H. GREEN, attorney for appellant; JAMES FENTRESS, of counsel.

I. R. SPILMAN, attorney for appellee.

MR. PRESIDING JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

Appellee sued appellant to recover for personal injuries. The second count of the declaration charges that while plaintiff was in the employ of defendant as a section hand, and as such hand was, at the request of defendant, assisting other hands, servants of defendants, to load railroad ties on a flat car possessed by defendant, and while so doing, defendant, by one Bates Bradley, a vice-principal, and not a

(380)

fellow-servant, negligently and carelessly ordered and directed plaintiff to so stand on the edge and side of said car, and hold up the end of one of said ties, while the other end of said tie, which was down on the floor of said car, and when said order was given, was being lifted and raised by defendant by said vice-principal, who was standing on the ground, so that it was impossible for plaintiff to obey said order without being pushed off of said car, and while the plaintiff, with all due care and caution for his own safety, was endeavoring to obey said careless and negligent command and order, he was, by reason thereof, and as a necessary consequence thereof, pushed off and from said car, when the other end of said tie was raised by the defendant, and plaintiff falling from said car received the injuries complained of. The jury found defendant guilty and assessed plaintiff's damages at $500, for which sum and costs, as appears by the amended record, the court entered judgment. If the averments of said count set forth a right of action, and ground for recovering damages by appellee, the evidence in our judgment proved those averments and justified the jury in finding the verdict. The sufficiency of the count is not disputed by appellant, but it pleaded the general issue to the whole declaration, and thereby admitted the averments constituted a good cause of action, but denied the truth of said averments. No error in the rulings of the trial court in regard to the admission or refusal to admit evidence, or in giving or refusing to give instructions, is relied upon, but upon the facts alone we are asked to reverse the judgment. In our view the evidence sustained the verdict, and the judgment is affirmed.